IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> JAMES WHARTON & LEE WHARTON, <br><br> Defendants. | HON. JEROME B. SIMANDLE <br><br> Civil No. 11-4164 (JBS/JS) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE,** District Judge:

 This matter is before the Court upon James E. Wharton's filing of a document styled as "Notice of Emergency Removal Pursuant to N.J.S.A. 9:6-8.29 and 9:6-8.30 Without Court Order" and referring to a state court matter captioned "New Jersey Division of Youth and Family Services v. James Wharton," currently pending upon the State of New Jersey's Verified Complaint for Custody in the Superior Court of Gloucester County, Family Part, at Docket No. FN-08-171-11, Case No. 10036164. The Court finds as follows:

 1. Because the document filed by Mr. Wharton is styled as a "notice of emergency removal" using the caption of Mr. Wharton's state court case, the Clerk of Court initially interpreted Mr. Wharton to be seeking removal of his state court matter and docketed the filing in accordance with that interpretation. However, the reference to "removal" is actually to the New Jersey

statute permitting removal of children from their parent on an emergency basis, not the removal of civil cases to federal court. See N.J. Stat. Ann. 9:6-8.29.  Instead of attempting to remove his state court case,[1] Mr. Wharton, who is proceeding without a lawyer, seeks to file criminal kidnapping charges against several state officials relating to ongoing child custody proceedings, and to stay the child custody proceedings until the criminal charges are resolved.  He contests the State's assertions regarding the endangerment of the children.

2.  In the federal system, private citizens cannot initiate or require the initiation of criminal prosecutions.  See Mamer v. Collie Club of Am., Inc., 229 F.3d 1164, 1164 (10th Cir. 2000); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Am. Postal Workers Union v. Ind. Postal Sys. of Am., Inc., 481 F.2d 90, 93 (6th Cir. 1973); Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972); United States ex rel. Savage v. Arnold, 403 F. Supp. 172, 176 n. 2 (E.D. Pa. 1975); United States ex rel. Spader v. Wilentz, 25 F.R.D. 492 (D.N.J), aff'd,

---

[1] The requirements for removing a civil case from state court to federal court are set forth in 28 U.S.C. §§ 1441-46, inter alia.  Mr. Wharton has presented no petition for removal, and no basis for removing the underlying custody matter to this Court appears upon this record.  That Mr. Wharton seeks to launch federal criminal charges against officers or employees of the New Jersey Division of Youth and Family Services provides no basis for removal jurisdiction.  While he may be free to raise certain defenses in his state court case, those defenses would not give rise to removal because they are not present in the state court complaint itself, which arises solely under state law.

280 F.2d 422 (3d Cir.), cert. denied 364 U.S. 875 (1960).  See also Fed. R. Crim. P. 7(a)(1) (setting forth how felony offenses are to be prosecuted by indictment endorsed by the United States Attorney).  Even if the charges Mr. Wharton sought to bring were federal and not state crimes, because Mr. Wharton is a private citizen, he cannot initiate a criminal prosecution in federal court.

    3.  Mr. Wharton incidentally argues that interference with his custody of his children would violate Mr. Wharton's constitutional rights.  Because Mr. Wharton is proceeding without a lawyer, the Court might normally consider rendering the document he filed to plead a civil rights claim pursuant to 42 U.S.C. § 1983, even though it makes no such claim expressly.[2]  However, the Court declines to do so under the circumstances presented in this case because on the facts currently presented such a claim could not be adjudicated.  Although it cannot be determined conclusively from the face of the present filing, the Court would be unlikely to exercise jurisdiction over such a claim.  See Younger v. Harris, 401 U.S. 37 (1971).  Younger and its progeny require this Court to stay or dismiss any claim for relief when it would interfere with a pending state judicial

---

[2] A civil action may only be initiated by a plaintiff filing a civil complaint, which must conform to the requirements of the Federal Rules of Civil Procedure, especially Rules 8(a), 9, 10, and 11.  No such complaint has been submitted by Mr. Wharton.

3

proceeding that implicates important state interests and affords an adequate opportunity to raise constitutional challenges. <u>Middlesex County Ethics Comm. v. Garden State Bar Assoc.</u>, 457 U.S. 423, 431 (1982); <u>Zahl v. Harper</u>, 282 F.3d 204, 209 (3d Cir. 2002). Especially given the domestic relations context of this dispute, the Court would be unlikely to intervene in such state proceedings. <u>See</u> <u>Allen v. Allen</u>, 48 F.3d 259, 262 n. 3 (7th Cir. 1995) (observing that although the domestic relations exception is statutorily carved out from diversity jurisdiction, its goals apply to the weighing of exercising jurisdiction over equitable relief).

4. Because Mr. Wharton cannot bring the criminal charges he seeks, and because the Court does not read his filing to bring an independent civil action, the Court will dismiss this case for lack of subject matter jurisdiction. Mr. Wharton cannot initiate a federal criminal action and does not bring a cognizable civil claim pursuant to 28 U.S.C. § 1331, nor is there any basis for removal jurisdiction under 28 U.S.C. §§ 1441-46. No other basis for jurisdiction is evident from the face of Mr. Wharton's filing. The Court must therefore dismiss this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The accompanying Order will be entered.

July 21, 2011
Date

*Jerome B. Simandle*
JEROME B. SIMANDLE
United States District Judge

4